J-S31027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON ALLEN REINOEHL | |
| Appellant | No. 1525 MDA 2015 |

Appeal from the Judgment of Sentence August 27, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000739-2014

BEFORE: SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.: **FILED SEPTEMBER 08, 2016**

Brandon Allen Reinoehl appeals from the judgment of sentence imposed on August 27, 2015, in the Court of Common Pleas of Adams County following his non-jury trial and conviction on charges of driving under the influence of alcohol and controlled substances (DUI). 75 Pa.C.S. § 3802 (a)(1), (d)(1)(ii). He received an aggregate sentence of 72 hours to six months' incarceration. In this timely appeal, Reinoehl claims the trial court erred in dismissing his pre-trial motion to suppress as having been untimely filed. After a thorough review of the submissions by the parties, relevant law, and the certified record, we are compelled to remand this matter for a

_____

[*] Retired Senior Judge assigned to the Superior Court.

hearing regarding waiver of Reinoehl's right to file an omnibus pre-trial motion.

Our standard of review is as follows:

"The 'interests of justice' exception provides a trial judge with discretion to excuse a party's tardy presentation of a suppression motion." [**Commonwealth v. Miklos**, 672 A.2d 796, 802 (Pa. Super. 1996)] We review the court's decision on these matters for an abuse of discretion. **Id**. An abuse of discretion is not a mere error of judgment. Rather, it exists where the judge acts manifestly unreasonably, misapplies the law, or acts with partiality, bias, or ill will. **Id**. at 803.

**Commonwealth v. Johonson**, 844 A.2d 556, 561 (Pa. Super. 2004).

We quote the factual and procedural history as related by the trial court in its Pa.R.A.P. 1925(a) opinion.

The issue before the Court is the Commonwealth's procedural challenge to the timeliness of filing of [Reinoehl's] Omnibus Pre-Trial Motion for Suppression of Evidence. For the reasons set forth below, [Reinoehl's] Omnibus Pre-Trial Motion for Suppression is denied as the claims therein are waived for failure to comply with Pennsylvania Rule of Criminal Procedure 581 (related to timeliness for filing of omnibus pre-trial motion).

By criminal complaint filed on May 22, 2014, [Reinoehl] was charged with two counts of driving under the influence of alcohol and a summary violation of depositing waste on a highway.[1] The affidavit of probable cause accompanying the complaint clearly indicates that the basis for stopping [Reinoehl's] vehicle was the summary violation. On July 30, 2014, [Reinoehl] appeared at his preliminary hearing with counsel and waived the charges through to court. On September 15, 2014, [Reinoehl] was informally arraigned after a counseled waiver of formal

---

[1] A police officer witnessed Reinoehl toss a cigarette butt out of his car window.

- 2 -

arraignment. As part of his informal arraignment, he was provided with a copy of the criminal information as well as written instructions as to his rights. Included in those instruction, he was specifically advised of his right to file an omnibus pre-trial motion for suppression of evidence within 30 days of his arraignment. On October 21, 2014, [Reinoehl] appeared before the Court with counsel and, based upon his application, was admitted to the A.R.D. Program. As part of his application, [Reinoehl] acknowledged that as a result of his admission into the program, he understood "that important rights may be given up or waived, … that [he is] aware of and understands those rights, and voluntarily, knowingly and intelligently chose to waive or give up those rights." (A.R.D. application, paragraph 1(b)).

On April 30, 2015, [Reinoehl], acting *pro se*, was removed from the A.R.D. Program as a result of testing positive for non-prescribed controlled substances on multiple occasions. He was directed to appear for plea consideration on May 21, 2015. On May 21, 2015, [Reinoehl] appeared with counsel and requested continuance. Trial was continued to August 3, 3015, with [Reinoehl] directed to appear for plea consideration on June 18, 2015. On June 17, 2015, the day prior to his scheduled plea day, [Reinoehl] file an Omnibus Pre-Trial Motion seeking suppression of evidence. His motion seeks to suppress evidence derived from the vehicle stop on the basis that the vehicle stop for the summary violation was an unconstitutional "pretextual" stop. The Commonwealth objects to consideration of the motion arguing that the claim has been waived due to the untimeliness of the motion pursuant to the Pennsylvania Rules of Criminal Procedure.

Trial Court Opinion, 8/10/2015, at 1-2.

The filing of an omnibus pre-trial motion is governed by Pa.R.Crim.P.

579, which states, in relevant part:

Except as otherwise provided in these rules, the omnibus pre-trial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or

unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P. 579(A).

In this matter, Reinoehl has argued both that he was unaware of the grounds for the motion and that he has shown good cause for being allowed an extension.[2]

Reinoehl's first argument is based on his attorney's claim that they were unaware of a dissenting memorandum in **Commonwealth v. Amatucci**, 100 A.3d 322 (Pa. Super. 2014) (unpublished memorandum). Essentially, the claim is counsel was unaware that the stop, for flicking a cigarette butt from a car window, may have been pretextual, until counsel read a dissenting memo in an unpublished decision. We must agree with the trial court's analysis in this matter, "Thus, [Reinoehl] is currently arguing he was unaware of the basis for a meritorious claim by nonsensically relying on an unpublished dissenting opinion, which cannot possibly, under any interpretation, be considered as legal support for his claim." Trial Court Opinion at 5.

Reinoehl's second argument is based largely on the assertion that Reinoehl was required to forego filing an omnibus pretrial motion as a condition of entering A.R.D. Essentially, Reinoehl claims he was not allowed to file the motion prior to his entry into A.R.D. and he filed the motion within

---

[2] We regard this assertion as an "in the interests of justice" argument.

days of reappointment of counsel following his dismissal from A.R.D. and well before his August 27, 2015 trial date. Accordingly, the Commonwealth would have suffered no prejudice had the motion been heard, nor would the trial have been delayed.

The trial court has countered Reinoehl's argument by noting Reinoehl violated the terms of the agreement by violating the express terms of A.R.D. and he is, therefore, unable to benefit from his own violation of the A.R.D. contract. As noted previously, the trial court stated that Reinoehl understood "that important rights may be given up or waived, … that [he is] aware of and understands those rights, and voluntarily, knowingly and intelligently choose to waive or give up those rights."[3]

Paragraph 1 of the "Accelerated Rehabilitation Disposition Program: DUI Application, Agreement, Motion and Order", referred to by the trial court, states, in *toto*:

> 1. Speedy trial and related rights. I understand my rights to have criminal charges against me disposed of in a speedy manner. I also understand that the provisions of Pa.R.Crim.P. 600 give me the right to have a trial commence within 365 days from the date on which charges were filed against me, and that violation of speedy trial rights and/or the provisions of Rule 600 may give me the right to have all criminal charges dismissed. Further, I understand that prosecution of the charges will be postponed during my participation in the ARD Program and that the Commonwealth must be given the right to prosecute me if I

---

[3] **See** A.R.D. Application, ¶1(**b**).

- 5 -

am removed from the ARD Program some time in the future. In this regard, I understand the following:

a) if I violate conditions of the ARD Program, the court may remove me from the ARD Program and place my case back on the trial list.

b) if I am removed from the ARD Program, any delay caused by participation in and administration of the ARD Program will not be counted against the Commonwealth for Rule 600 and constitutional speedy trial provision purposes. I agree that if my trial begins beyond the time period permitted by the rule and constitutional provisions, I will give up any right to claim the benefit of speedy trial and Rule 600 provisions in regard to the time period during which I am on the ARD Program. In this regard, I understand that important rights may be given up or waived, represent that I am aware of and understand those rights, and voluntarily, knowingly and intelligently choose to waive or give up those rights. If I am, for any reason, refused admission after waiving such rights, my waiver shall be invalidated.

A.R.D. Application, at ¶1(a), (b).

Hence, the A.R.D. application, referred to by the trial court and quoted above, refers only to Rule 600 speedy trial rights. There is no mention whatsoever in paragraph 1, or anywhere else in the agreement, of foregoing the right to file an omnibus pre-trial motion. Accordingly, the Adams County A.R.D. application, by itself, is insufficient to form the basis of a knowing, voluntary and intelligent waiver of the right to file an omnibus pre-trial motion.

If the waiver of the right to file a Pa.R.Crim.P. 578 motion was also a condition of acceptance into the Adams County A.R.D. program, or that the time for filing such a motion was not waived, the certified record is silent as

to when or how Reinoehl was so advised. Without confirmation in the certified record, we cannot determine the terms of the A.R.D. agreement or determine if the trial court is correct that Reinoehl knowingly gave up those rights to obtain the benefits of A.R.D. The Commonwealth suggests that as Reinoehl was represented at arraignment by counsel, he would have been fully informed as to the relevant deadlines and requisites of Rule 578 *et seq*. Even so, because the certified record is bereft of any additional relevant information regarding the filing and/or waiver of a Rule 578 Omnibus Pre-Trial Motion as it pertained to the A.R.D. program, no informed analysis is possible. Therefore, we must remand this matter for a fact-finding hearing on the issue of the agreement to forego filing an omnibus pre-trial motion as a condition of acceptance into the program and whether Reinoehl knowingly, voluntarily and intelligently entered into the agreement. Said hearing is to be held within 45 days of the return of the record to the Adams County Court of Common Pleas.

Matter remanded for action consistent with this decision. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2016